IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:04CR3167 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS, AND** |
| MELVIN A. JONES, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

The defendant has filed a motion to withdraw his guilty plea and he has also filed objections to the presentence report. I have accepted the plea, but not the plea agreement. (Filings 21, 24.) I now resolve these pending matters.

The defendant has provided no good grounds to withdraw the plea. I have reviewed the plea-taking proceedings (filing 23) and find they fully comply with the law. There is nothing in this record which suggests that the defendant's plea of guilty was not taken properly under Rule 11 or that the defendant was improperly represented by his lawyer when he tendered his plea or that he has any reason for withdrawing his plea other than a change of heart. I will therefore deny the motion without prejudice. Of course, should I not accept the plea agreement, I will allow the defendant to withdraw his plea. I will determine whether to accept the plea agreement at the time of sentencing, as previously ordered.

Regarding the objections to the presentence report, we will resolve those at sentencing. Indeed, at that hearing, the government will have the burden of proof on all facts that make the sentence go up under the advisory Guidelines and for which there have been objections.

IT IS ORDERED that:

(1) The defendant's motion to withdraw his plea (filing 27) is denied without prejudice.

(2) The defendant's objections to the presentence report (filings 25 and 26)

regarding drug quantity, role in the offense, criminal history and the resulting total offense level and criminal history will be resolved at an evidentiary hearing at the time of sentencing. If the government believes that more than one-half hour will be needed, it shall contact my judicial assistant to reschedule the evidentiary hearing and sentencing.

(3)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

(7)     The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

DATED May 12, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge